United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CARMEN PEREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BATH & BODY WORKS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05606-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF No. 23] |

Before the Court is a motion to compel arbitration brought by Defendants Bath & Body Works, LLC and Bath & Body Works, Inc. ECF No. 23. Bath & Body Works contends that Plaintiff Andrea Brooks must arbitrate her claims because of an arbitration provision in the terms and conditions of the My Bath & Body Works loyalty program, through which she purchased the products at issue in this case. *Id.* Bath & Body Works also asks for limited jurisdictional discovery to determine if Plaintiff Carmen Perez is a member of the same loyalty program. *Id.* Plaintiffs oppose the motion. ECF No. 28.

For the reasons explained at the hearing today, the Court DENIES the motion to compel arbitration without prejudice. As the moving party, Bath & Body Works "bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Its moving papers do not carry its burden. Ms. Brooks allegedly registered for the loyalty program in September 2017 and purchased the products at issue in December 2018. *See* Complaint, ECF No. 1, ¶ 45; Lovell Decl., ECF No. 23-1, ¶ 5. But the loyalty program terms and conditions attached to Bath & Body Works' motion did not take effect until October 15, 2019. Lovell Decl. Ex. A at 1. Bath & Body Works can only carry its burden by providing the terms and conditions to which Ms. Brooks

assented.  *See Snow v. Eventbrite, Inc.*, 2020 WL 6135990, at *5–6 (N.D. Cal. Oct. 19, 2020) (denying motion to compel arbitration and stating that movant "would only be able to carry its burden if it could show what the agreements looked like during the period when the plaintiffs would have actually seen them").  While Bath & Body Works has submitted additional versions of the terms and conditions with its reply brief, the Court will not consider evidence submitted for the first time on reply.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  The relevant versions must be submitted with the opening papers to be considered by the Court.  *See Snow v. Eventbite, Inc.*, 2021 WL 3931995, at *4–5 (N.D. Cal. Sept. 2, 2021) (granting renewed motion to compel arbitration after proper documents submitted).  Because the relevant terms and conditions are not properly before it, the Court expresses no opinion on the merits of whether the claims are subject to arbitration.

As to Bath & Body Works' request for limited jurisdictional discovery on Ms. Perez, the Court finds it unnecessary to issue a formal order.  Bath & Body Works has indicated that it intends to propound an interrogatory seeking information sufficient to help it determine if Ms. Perez is in the My Bath & Body Works loyalty program.

For the foregoing reasons, IT IS HEREBY ORDERED that the motion to compel arbitration is DENIED without prejudice to filing a renewed motion to compel arbitration.

Dated:  January 27, 2022

_____
BETH LABSON FREEMAN
United States District Judge