```
 1            IN THE UNITED STATES DISTRICT COURT

 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN JOSE DIVISION

 4
     PEREZ, ET AL,                  )  CV-21-5606-BLF
 5                                  )
                 PLAINTIFF,         )  SAN JOSE, CALIFORNIA
 6                                  )
             VS.                    )  JANUARY 27, 2022
 7                                  )
     BATH & BODY WORKS, LLC ET AL,  )  PAGES 1-14
 8                                  )
                 DEFENDANT.         )
 9                                  )
     _____)
10
                   TRANSCRIPT OF PROCEEDINGS
11          BEFORE THE HONORABLE BETH LABSON FREEMAN
                 UNITED STATES DISTRICT JUDGE
12
                     A P P E A R A N C E S
13

14    FOR THE PLAINTIFF:    BY:  ANTHONY J PATEK
                            GUTRIDE SAFIER LLP
15                          100 PINE STREET, SUITE 1250
                            SAN FRANCISCO, CA 94111
16

17

18    FOR THE DEFENDANT:    BY:  RYAN PATRICK PHAIR
                                 EMMA HUTCHISON
19                          HUNTON ANDREWS KURTH
                            2200 PENNSYLVANIA AVE NW
20                          WASHINGTON, DC 20037

21

22

23    OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                  CERTIFICATE NUMBER 13185
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                         JANUARY 27, 2022 |
| 2 | P R O C E E D I N G S |
| 3 | (COURT CONVENED AT 10:18 A.M.) |
| 4 | THE CLERK:  CALLING CASE 21-5606.  PEREZ, ET AL. V. |
| 5 | BATH AND BODY WORKS, ET AL. |
| 6 | COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES.  AND |
| 7 | IF WE COULD BEGIN WITH PLAINTIFF AND THEN MOVE TO DEFENDANT. |
| 8 | MR. PATEK:  GOOD MORNING, YOUR HONOR. |
| 9 | THIS IS ANTHONY PATEK FROM GUTRIDE SAFIER APPEARING ON |
| 10 | BEHALF OF THE PLAINTIFFS, CARMEN PEREZ AND ANDREA BROOKS. |
| 11 | THE COURT:  GOOD MORNING. |
| 12 | MR. PHAIR:  GOOD MORNING, YOUR HONOR. |
| 13 | RYAN PHAIR FROM THE LAW FIRM OF HUNTON ANDREWS KURTH LLP. |
| 14 | AND WITH ME IS EMMA HUTCHISON, ALSO FROM OUR FIRM.  WE ARE |
| 15 | REPRESENTING BATH AND BODY WORKS HERE TODAY. |
| 16 | THE COURT:  ALL RIGHT.  GOOD MORNING. |
| 17 | THIS IS THE DEFENDANT'S MOTION TO COMPEL ARBITRATION AS TO |
| 18 | MS. BROOKS, ONE OF THE REPRESENTATIVE OR PROPOSED |
| 19 | REPRESENTATIVE PLAINTIFFS OF THIS CLASS, AND FOR JURISDICTIONAL |
| 20 | DISCOVERY REGARDING MS. PEREZ. |
| 21 | THIS IS SORT OF A DIFFICULT SITUATION.  MR. PHAIR, YOUR |
| 22 | MOVING PAPERS ARE COMPLETELY INADEQUATE TO ESTABLISH AN |
| 23 | ARBITRATION AGREEMENT HAS BEEN REACHED BETWEEN MS. BROOKS AND |
| 24 | DEFENDANT. |
| 25 | AND I'M PUTTING ASIDE THE NAME OF THE DEFENDANT FOR A |

1   MOMENT, MR. PATEK, BUT I KNOW THAT THAT'S AN ISSUE YOU HAVE.
2   BUT IN THE OPENING PAPERS, I HAVE AN EXEMPLAR THAT DOESN'T EVEN
3   PURPORT TO HAVE BEEN IN EFFECT AT THE TIME THAT MS. BROOKS
4   WOULD HAVE ENTERED THE LOYALTY PROGRAM.
5       I KNOW THAT YOU'VE CORRECTED THAT IN YOUR REPLY PAPERS,
6   BUT MR. PATEK HARDLY HAD AN OPPORTUNITY TO REVIEW THAT.  HE
7   DIDN'T OVERLOAD MY DOCKET BY FILING OBJECTIONS, I'M SURE HE WAS
8   GOING TO START WITH THAT.  AND IN LOOKING AT THE <u>SNOW I</u> AND
9   <u>SNOW II</u> CASES, IT LOOKS LIKE WE ARE ON THE SAME ROUTE HERE,
10  THAT YOU MAY BE FILING A RENEWED MOTION HERE.
11      SO THAT'S WHERE I START.  I'M ACTUALLY NOT AS CONCERNED
12  WITH THE AFFILIATED AGENCY HERE, OR A COMPANY, I THINK THAT THE
13  LAW IS PROBABLY OKAY THERE.
14      AND ON THE -- I NEEDED TO HEAR A LITTLE BIT MORE ABOUT WHY
15  YOU NEED DISCOVERY FOR MS. PEREZ, WHY YOU CAN'T FIGURE THAT
16  OUT.  SHE DOES HAVE A COMMON NAME.  I HAVE A COMMON NAME, SO I
17  KNOW -- IT IS THE RARE PLACE I GO WHERE THERE AREN'T AT LEAST
18  TWO BETH FREEMANS, SO IT MAY BE AS SIMPLE AS YOU NEED TO BE
19  SURE YOU HAVE THE RIGHT PERSON, WHICH IS PERFECTLY
20  UNDERSTANDABLE.
21      SO THOSE ARE MY INITIAL COMMENTS.  SO LET ME START,
22  MR. PHAIR -- AND MS. HUTCHINSON, LET ME START WITH YOU, IT IS
23  YOUR MOTION.
24          MR. PHAIR:  YOUR HONOR, WE DO BELIEVE THE CURRENT
25  TERMS ARE WHAT GOVERNS.  BUT WE TAKE THEIR POINT, AND IF WE

1    HAVE TO FILE A RENEWED MOTION, WE CAN DO THAT.
2         WE THINK THE FACTS ARE UNDISPUTED -- I DON'T KNOW THAT
3    MR. PATEK COULD SAY TODAY, BUT I DON'T THINK THERE'S ANY
4    DISPUTE ABOUT THE FACT THAT SHE SIGNED UP FOR THE REWARDS
5    PROGRAM OR ANYTHING LIKE THAT.
6         AS A PROCEDURAL MATTER, WE WANT TO RENEW THE MOTION AND
7    COME BACK HERE, WE CAN DO THAT, THAT'S FINE, TO GIVE THEM AN
8    OPPORTUNITY TO RESPOND TO THAT.  I'M NOT SURE IF THERE IS A
9    RESPONSE, BUT MR. PATEK CAN SPEAK IT THAT.
10        ON THE SECOND POINT REGARDING MS. PEREZ, YOUR HONOR HAS IT
11   EXACTLY RIGHT, CARMEN PEREZ IS A VERY COMMON NAME IN
12   CALIFORNIA, AND SO WHEN WE LOOK AT OUR RECORDS, ANDREA BROOKS,
13   WE COULD FIND HER RIGHT AWAY JUST GIVEN THE INFORMATION THAT
14   SHE HAD IN THE COMPLAINT.  FOR PEREZ, THERE WERE SORT OF --
15   THERE WAS SOME CONFLICTING INFORMATION IN THE COMPLAINT IN
16   TERMS OF LIKE WHEN, WHETHER IT WAS THE SUMMER OR THE FALL,
17   THERE'S LOTS OF CARMEN PEREZ'S IN CALIFORNIA.
18        SO REALLY ALL WE NEED, IF MR. PATEK WOULD BE WILLING TO
19   GIVE IT, ALL WE NEED IS AN E-MAIL ADDRESS, ADDRESS, PHONE
20   NUMBER, AND WE COULD TELL IN TWO SECONDS WHETHER OR NOT THIS IS
21   SUBJECT TO ARBITRATION AS WELL.
22        I WOULD SAY THAT WE THINK THAT THIS ENTIRE DISPUTE IS
23   SUBJECT TO ARBITRATION, BUT I CERTAINLY DEFER TO YOUR HONOR ON
24   THE PROCEDURAL POSTURE IN WHICH WE SHOULD HANDLE THIS.
25             THE COURT:  SO THAT'S INTERESTING BECAUSE I ACTUALLY

1    THOUGHT YOUR DISCOVERY REQUEST WAS MODEST FOR THE TWO-HOUR
2    DEPOSITION AND ONE INTERROGATORY.  IT SOUNDS LIKE ONE
3    INTERROGATORY MIGHT TAKE CARE OF IT.
4              MR. PHAIR:  I THINK THAT'S RIGHT, YES.
5              THE COURT:  SO MOST PARTIES FORGET TO GIVE ME THE
6    ACTUAL LIST OF DISCOVERY THEY ARE REQUESTING, I REALLY
7    APPRECIATE THAT YOU'VE OUTLINED THAT FOR ME.
8         SO THAT'S -- I WILL HEAR FROM MR. PATEK FIRST ON THAT.
9    BUT YOU'VE ACTUALLY EVEN REDUCED THE SCOPE OF IT, AND IT'S
10   BASIC IDENTIFYING INFORMATION.  SO HE COULD PROVIDE THAT TO
11   YOU.  I MEAN, I'M SURE YOU WOULD LIKE IT VERIFIED UNDER OATH,
12   AND SO THAT MIGHT TAKE A LITTLE BIT OF TIME, BUT YOU TWO CAN
13   TALK ABOUT THAT.
14        ALL RIGHT.  MR. PATEK, LET ME HEAR YOUR COMMENTS.
15             MR. PATEK:  WELL, FIRST OF ALL, YOUR HONOR, I WANT TO
16   THANK YOU FOR MAKING IT VERY CLEAR UP FRONT THAT YOU ARE AHEAD
17   OF ME IN TERMS OF WHAT I WAS GOING TO POINT OUT IN MY ARGUMENTS
18   AGAINST THESE MOTIONS.
19        YOU KNOW WITH RESPECT TO THE DISCOVERY REQUESTS, I MEAN,
20   DISCOVERY IS OPEN.  IF THEY WANTED TO SERVE A DISCOVERY
21   REQUEST, I THINK THEY COULD HAVE.  IT'S NOT REALLY CLEAR TO ME
22   WHY THEY HAVE TO GET YOUR APPROVAL SIMPLY TO SERVE THAT ONE
23   INTERROGATORY.  YOU KNOW, MY UNDERSTANDING IS THAT MS. PEREZ
24   HAS NOT SIGNED UP FOR THE AWARDS PROGRAM.
25             THE COURT:  OKAY.

1  MR. PATEK: SO I DON'T THINK THAT THE DISCOVERY IS
2  REALLY GOING TO CHANGE THE FACTUAL SETTING OF THIS CASE.  IF
3  THEY WANT TO ASK THOSE QUESTIONS, YOU KNOW, THEY ARE ALLOWED TO
4  DO SO AS PART OF NORMAL DISCOVERY.  I DON'T THINK WE NEED TO
5  HAVE A WHOLE MOTION ABOUT IT.
6     YOU KNOW, IN THE MEANTIME, I THINK THIS MOTION HAS BEEN
7  LARGELY A WASTE OF TIME.  AS YOU HAVE ALREADY POINTED OUT, THE
8  EVIDENCE THEY SUBMITTED IN THE MOTION WAS COMPLETELY
9  INSUFFICIENT TO SUPPORT EVEN THE EXISTENCE OF AN ARBITRATION
10 AGREEMENT WITH RESPECT TO ONE PLAINTIFF, MUCH LESS BOTH OF
11 THEM.
12     AND YOU KNOW, I WOULD JUST POINT OUT EVEN THE EVIDENCE
13 THAT THEY ARE SUBMITTING WITH THEIR REPLY, WHICH IS NOT
14 APPROPRIATE, IS STILL DEFICIENT, RIGHT.  I MEAN, THERE ARE TWO
15 MEANS FOR SUPPOSEDLY SIGNING UP FOR THE ARBITRATION -- I'M
16 SORRY, THE REWARDS PROGRAM, ONE BEING VIA NORMAL PERSONAL
17 COMPUTER, THE OTHER ONE BEING A MOBILE DEVICE.
18     AND UNLESS I'M WRONG, THEY HAVE ONLY SUBMITTED PROOF OF A
19 BOX REQUIRING A THE TERMS AND CONDITIONS OF THE MOBILE
20 AGREEMENT.  I DON'T THINK THERE'S ONE IN THERE FOR THE PERSONAL
21 COMPUTER.
22     THE COURT: I THINK IN THE DECLARATION, I THINK THEY
23 INDICATED THAT SHE SIGNED UP ON A MOBILE DEVICE.
24     MR. PHAIR: THAT'S CORRECT, YOUR HONOR.
25     ON SEPTEMBER 8TH, 2017, MS. BROOKS ENROLLED IN THE REWARDS

```
 1    PROGRAM ON A MOBILE DEVICE.  THAT IS WHAT THE DECLARATION WAS.
 2            THE COURT:  YEAH.  SO I HAVE --
 3            MR. PATEK:  BUT AGAIN, THAT WAS SUPPLIED IN THE
 4    REPLY?
 5            THE COURT:  I THINK THAT'S IN THE REPLY, ISN'T IT, OR
 6    IS THAT IN THE --
 7            MR. PHAIR:  NO, THAT'S ACTUALLY IN THE -- THAT FACT,
 8    IN PARTICULAR, IS ACTUALLY IN THE ORIGINAL MOTION, I BELIEVE
 9    IT'S THE LOVELL DECLARATION AT 5-6.
10            THE COURT:  OH YEAH, AT PARAGRAPH 6.  THIS IS
11    DOCUMENT 23-1.  YES, IT DOES SAY ON HER MOBILE DEVICE.
12            MR. PATEK:  OKAY.
13            THE COURT:  THAT PART IS NAILED DOWN.
14            MR. PATEK:  OKAY.  IN THAT CASE, IT'S MY TURN TO DO A
15    MEA CULPA.
16             BUT THEN THERE'S STILL GOING TO BE THE ARGUMENTS BASED ON
17    THE AGREEMENT ITSELF.  AND WE STAND ON OUR ARGUMENTS THAT THE
18    CLEAR SCOPE OF THE AGREEMENT IS THAT IT'S JUST ABOUT THE
19    REWARDS PROGRAM.
20            THE COURT:  SO MR. PATEK, I THINK THAT YOU HAVE A
21    REASONABLE ARGUMENT THERE, BUT THE THRESHOLD ISSUE HERE IS
22    WHETHER THERE WAS A CLEAR AND UNMISTAKABLE DELEGATION OF THE
23    SCOPE OF THE ARBITRATION AGREEMENT TO THE ARBITRATOR.  AND
24    GIVEN, I THINK THIS WAS AAA RULES, I MIND THAT I FOLLOW THE
25    NINTH CIRCUIT AND THE HENRY SCHEIN CASE FROM U.S. SUPREME
```

1   COURT. I THINK THIS WAS CLEAR AND UNMISTAKABLE.

2       I THINK THAT'S OUTSIDE OF MY DOMAIN, I'M ONLY DETERMINING

3   CONTRACT FORMATION, AND YOU WIN BASED ON THE INSUFFICIENCY OF

4   THE OPENING PAPERS. YOU KNOW, JUST LIKE THE SNOW V. EVENTBRITE

5   CASE, THERE MAY BE A RENEWED MOTION. BUT -- AND FRANKLY, IF

6   MS. PEREZ NEVER SIGNED UP FOR THE LOYALTY PROGRAM, THIS IS A

7   LOT OF WORK FOR MAYBE VERY LITTLE RESULT, EXCEPT THAT IT DOES

8   INFORM ME, YOU KNEW THIS ALL ALONG, THAT CLASS CERTIFICATION

9   WILL NOW BE ROILED WITH SOME CLASS MEMBERS HAVING ARBITRATION

10  AGREEMENTS AND MAYBE SOME -- AND OBVIOUSLY SOME NOT, BECAUSE

11  THEY WEREN'T PART OF THE LOYALTY PROGRAM OR THEY PURCHASED

12  OUTSIDE OF THE LOYALTY PROGRAM. I MEAN, WE ALL MAKE PURCHASES

13  OUTSIDE OF OUR POINT SYSTEM FOR SOME PRODUCT, JUST BECAUSE WE

14  ARE IN A HURRY.

15      SO ANY COMMENTS -- I KNOW YOU INDICATED SHE WASN'T GIVEN A

16  COPY OF THE ARBITRATION RULES, BUT THERE WAS A CLEAR LINK,

17  BASED ON WHAT MR. PEREZ PROVIDED, OR HE COULD AT LEAST SHOW ME

18  THAT IN A RENEWED MOTION, THAT THERE WAS A CLEAR LINK.

19          MR. PATEK: SO HERE YOU ARE SAYING A CLEAR LINK WITH

20  RESPECT TO THE SIGNUP IN THE ARBITRATION PROVISION?

21          THE COURT: IF I FIND THAT THERE WAS A CONTRACT, THAT

22  IS MY JOB, I CAN'T MAKE THAT FINDING NOW BECAUSE THE MOVING

23  PAPERS DO NOT SUPPORT IT, AND SO I AM GOING TO DENY THE MOTION.

24      YOU ALSO BRIEFED, AND THIS WILL INFORM YOUR LATER

25  BRIEFING, THAT THIS TRANSACTION OF PURCHASING THESE PRODUCTS,

```
 1    IS NOT COVERED BY THE ARBITRATION AGREEMENT.
 2         SO I DON'T DECIDE THAT -- IF I FIND THERE WAS A CLEAR AND
 3    UNMISTAKABLE DELEGATION, I WON'T BE DECIDING THAT ISSUE.
 4         SO CLEAR AND UNMISTAKABLE DELEGATION WILL COME BACK AS AN
 5    ISSUE, THAT'S ALL I'M SAYING, AND I'M NOT RULING ON IT BECAUSE
 6    I DON'T GET TO STEP 2.
 7            MR. PATEK:  FAIR ENOUGH.
 8            THE COURT:  BUT YOU WILL KNOW TO TAKE A LOOK AT THAT
 9    FURTHER.
10         SO -- AND IN TERMS OF THE DISCOVERY, I DON'T KNOW IF
11    DISCOVERY WAS OPEN WHEN THE MOTION WAS FILED IN SEPTEMBER.  YOU
12    ARE RIGHT, THIS IS PRETTY MODEST.  AND I DON'T KNOW, MR. PHAIR,
13    IF YOU ACTUALLY NEED AN ORDER FROM ME NOW OR YOU WON'T JUST PUT
14    OUT AN INTERROGATORY.
15            MR. PHAIR:  YEAH.
16         I MEAN, I GUESS MAYBE -- I DON'T THINK WE NEED IT
17    NECESSARILY UNDER OATH.  I MEAN, IF MR. PATEK WAS WILLING TO
18    MAKE A REPRESENTATION TO US OF, THIS IS THE ADDRESS, THIS IS
19    THE PHONE NUMBER, YOU KNOW, WE ARE WILLING TO ACCEPT THAT.
20         I'M NOT SURE WE NEED A FORMAL INTERROGATORY TO DO IT, BUT
21    IF THAT'S THE WAY THAT WE SHOULD GO, I THINK WE WERE CONCERNED
22    ABOUT GETTING TOO FAR ON DISCOVERY, IF THERE WAS GOING TO BE A
23    JURISDICTIONAL HEARING, THIS WAS GOING TO GET REFERRED TO AN
24    ARBITRATOR ANYWAYS, GETTING THE BALL TOO FAR DOWN THE ROAD.
25            THE COURT:  SURE.
```

1                MR. PATEK:  THAT WAS OUR CONCERN.

2                THE COURT:  AND I CERTAINLY DON'T WANT YOU TO WALK

3    INTO A WAIVER ISSUE ON THAT.

4         SO LET ME TURN BACK TO MR. PATEK, ARE YOU WILLING TO

5    INFORMALLY GIVE THIS INFORMATION MR. PHAIR HAS REQUESTED OR DO

6    YOU WANT HIM TO PROPOUND A SINGLE INTERROGATORY?

7                MR. PATEK:  WELL, I THINK THERE'S PART OF ME THAT

8    WOULD LIKE TO HAVE THE INTERROGATORY IN HAND, JUST TO MAKE SURE

9    THAT THE RECORD IS CLEAR.  THAT SAID, I THINK WE CAN ACCELERATE

10   THE RESPONSE TIME, IT'S A VERY SIMPLE PIECE OF INFORMATION.

11               THE COURT:  YES, IT IS.

12               MR. PATEK:  AND AGAIN, MY UNDERSTANDING IS THAT THERE

13   IS NO AGREEMENT, SO WE ARE NOT REALLY WORRIED ABOUT IT, WE

14   DON'T THINK THIS INQUIRY IS GOING TO TURN ANYTHING UP.

15               THE COURT:  OKAY.

16        SO MR. PHAIR, MY RULING WILL BE THAT BECAUSE DISCOVERY IS

17   OPEN, THAT THE COURT DOES NOT NEED TO MAKE A RULING ON IT, AND

18   NOTHING PREVENTS YOU FROM PROPOUNDING A SINGLE INTERROGATORY,

19   AND ONE INTERROGATORY GETTING IDENTIFYING INFORMATION PROBABLY

20   COULD NOT BE STRETCHED INTO WAIVER BY BEING TOO FAR DOWN THE

21   ROAD IN DISCOVERY.

22        SO WHY DON'T YOU GO AHEAD AND PROPOUND THAT INTERROGATORY

23   TODAY AND HOPEFULLY YOU WILL GET A RESPONSE IN SOONER THAN THE

24   STATUTORY TIME.  BUT YOU WILL HAVE THAT INFORMATION AND THEN

25   YOU CAN DECIDE WHERE TO GO.

1     IF YOU ULTIMATELY LEARN THAT MS. PEREZ IS NOT PART OF THE
2  LOYALTY PROGRAM AND NEVER SIGNED AN ARBITRATION AGREEMENT AND
3  MS. BROOKS IS, YOU HAVE A COUPLE OF CHOICES.  YOU CERTAINLY
4  RENEW YOUR MOTION TO COMPEL ARBITRATION FOR MS. BROOKS, OR YOU
5  COULD SIMPLY ROLL IT INTO YOUR OBJECTION TO CLASS CERTIFICATION
6  WITH MS. BROOKS AS BEING NOT A TYPICAL CLASS REPRESENTATIVE.  I
7  DON'T CARE.  THE RESULT IS GOING TO BE THE SAME, IT REALLY IS
8  JUST A MATTER OF WHAT YOUR CLIENT WANTS TO DO.
9     THIS KIND OF MOTION WORK IS VERY TIME CONSUMING AND
10 EXPENSIVE, AND THERE MAY BE -- AND IF YOU'VE GOT -- IF
11 MR. PATEK HAS A NAMED PLAINTIFF WHO ISN'T BARRED BY ANY
12 ARGUMENT OF ARBITRATION, THEN THE CASE MOVES ON.  SO I WILL
13 LEAVE THAT IN YOUR HANDS.
14         MR. PHAIR:  YES, YOUR HONOR.  THANK YOU.
15     AND I THINK YOU ARE HIGHLIGHTING ONE OF THE ISSUES, WHICH
16 IS CLASS CERTIFICATION.  AND I DON'T THINK IT IS JUST
17 TYPICALITY, I MEAN, OBVIOUSLY THAT'S A BIG ISSUE, BUT I ALSO
18 THINK IT GOES TO THE SCOPE OF THE CLASS, BECAUSE WE -- MAYBE
19 MORE THAN HALF OF THE CLASS IS GOING TO BE SUBJECT TO
20 ARBITRATION.
21     SO IT'S A DIFFERENT ISSUE.  EVEN IF MS. PEREZ IS THE
22 CLASS, THE SOLE CLASS REP, THE ARBITRATION ISSUE IS STILL GOING
23 TO BE FRONT AND CENTER WHEN YOU GET TO ME FOR CLASS CERT.  EVEN
24 IF MS. BROOKS WERE TO DROP OUT VOLUNTARILY, THE ISSUE
25 DOESN'T -- MR. PATEK KNEW THIS, HE SEES THIS IN ALL OF HIS

1  CASES.
2           MR. PATEK: YES, I DO.
3           THE COURT: THIS IS WHAT WE DO.
4       AND AS THE SUPREME COURT CONTINUES TO ISSUE RULINGS ON
5   CLASS CERTIFICATION, THIS ISSUE IS BECOMING CLEARER AND
6   FAVORING ONE SIDE OR THE OTHER, DEPENDING ON YOUR POSITION.
7           MR. PHAIR: YES, YOUR HONOR. I AGREE WITH THAT.
8       I DO THINK -- OBVIOUSLY I HAVEN'T TALKED TO MY CLIENT YET,
9   BUT I DO THINK IT'S IMPORTANT FOR US TO HAVE THAT THRESHOLD
10  ARBITRATION ISSUE, JUST BECAUSE THIS IS AN ISSUE THAT CUTS
11  ACROSS A LOT OF DIFFERENT CASES. WE FEEL PRETTY STRONGLY ABOUT
12  OUR ARBITRATION PROVISION, FOR ALL THE REASONS YOU SAID. I
13  UNDERSTAND THE PROCEDURAL POSTURE, AND I DON'T UNDERSTAND
14  YOUR HONOR TO BE SAYING THAT YOU DON'T THINK THAT THERE'S
15  EVIDENCE, JUST THAT EVIDENCE BEFORE THE COURT IN THE PROCEDURAL
16  POSTURE THAT WE BROUGHT IT.
17          THE COURT: THAT'S EXACTLY RIGHT.
18      AND I'M SIMPLY NOT GOING TO CONSIDER EVIDENCE SUBMITTED IN
19  THE REPLY BRIEF, BUT I'M NOT EXCLUDING IT FROM A RENEWED
20  MOTION, AND I TAKE MY LEAVE FROM WHAT JUDGE ORRICK DID IN THE
21  <u>EVENTBRITE</u> CASE.
22      SO THERE WE ARE, THAT'S OUR ROAD MAP, AND I THINK THERE
23  WILL BE A LOT OF TALKING OFFLINE BETWEEN THE TWO OF YOU. AND
24  SO I WILL ISSUE A VERY BRIEF ORDER DENYING THIS MOTION, BECAUSE
25  IT'S REALLY DENIED ON A PROCEDURAL BASIS AT THIS POINT. I AM

```
 1    NOT GOING TO EVALUATE ALL OF THE OTHER ISSUES.  AND I DON'T

 2    THINK IT WOULD BENEFIT YOU AT ALL.  WE'VE HAD THIS DISCUSSION.

 3         MR. PHAIR, IS THERE ANYTHING ELSE YOU WANTED TO GO OVER

 4    TODAY?

 5             MR. PHAIR:  NO, YOUR HONOR.  THANK YOU.  I APPRECIATE

 6    YOUR TIME.

 7             THE COURT:  MR. PATEK, ANYTHING ELSE FROM YOUR

 8    VIEWPOINT?

 9             MR. PATEK:  NO, YOUR HONOR.

10       THANK YOU VERY MUCH.

11             THE COURT:  OKAY.  WELL, I LOOK FORWARD TO SEEING YOU

12    AT THE NEXT HEARING.

13             MR. PATEK:  THANK YOU, YOUR HONOR.

14         (THE PROCEEDINGS WERE CONCLUDED AT 10:35 A.M.)

15

16

17

18

19

20

21

22

23

24

25
```

**CERTIFICATE OF REPORTER**

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185        DATED: 2/23/22