United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN PEREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BATH & BODY WORKS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05606-BLF  (SVK)<br><br>**ORDER RE JOINT DISCOVERY STATEMENT NO. 1**<br><br>Re: Dkt. No. 56 |

　　　　The Court has considered the Joint Discovery Statement No. 1, as well as other relevant pleadings and the Federal Rules governing discovery.  Dkt. Nos. 47, 56, 57.  This matter is appropriate for resolution without oral argument.  Civ. L. R. 7-1(b).

　　　　The Court finds that a moderate phasing of discovery in this action is appropriate, given the status of the challenge to standing (Dkt. 57) and the fact that fact discovery does not close for 18 months.  Dkt. 46.  Accordingly, at this time, discovery will generally be limited to the purchased product identified in the First Amended Complaint.[1]  If Defendants' standing challenge set forth in Dkt. 57 is denied, then Defendants shall, **within 21 days** of the Court's order regarding Dkt. 57, respond to the pending discovery requests and commence a rolling production.  Any dispute as to the pending requests on grounds other than standing shall be brought to the Court **within 14 days** of a Court order regarding Dkt. 57.  Any such dispute must conform with the undersigned's Civil and Discovery Referral Matters Standing Order.  In the requisite robust meet and confer effort, the Parties are to be mindful of rulings by this Court that inform the dispute.

---

[1] The Parties improperly submitted voluminous requests and responses attached to their motion, which the Court declines to consider at this juncture.  It is conceivable, though perhaps unlikely, that a discrete request directed beyond the purchased product could be relevant and proportional to the case notwithstanding this Order, and the Court may consider such a discrete argument on this basis.  However, Plaintiff is strongly cautioned that this comment is not an invitation to re-argue the underpinning of this Order.

As for the pending requests directed to purchased products, to the extent there are specific disputes remaining, the Parties are ordered to meet and confer in person (that is, live or by video). Purely telephonic or email meet and confer efforts are not sufficient. *See* Civil and Discovery Referral Matters Standing Order §8. Following those efforts, the Parties may submit any remaining issues to this Court in accordance with its standing order, which requires a chart reflecting the Parties' positions as detailed in the standing order.

By September 15, 2022, if Judge Freeman has not issued an order regarding Dkt. 57, the Parties are to file a joint statement regarding the status of discovery.

**SO ORDERED.**

Dated: March 3, 2022

SUSAN VAN KEULEN
United States Magistrate Judge