UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMEN PEREZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BATH & BODY WORKS, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-05606-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 57] |

In this case, Plaintiff Carmen Perez[1] challenges representations made on a series of products sold by Defendants Bath & Body Works, LLC and Bath & Body Works, Inc. ("BBW"). Perez claims that BBW falsely claims that hyaluronic acid, an ingredient in those products, "attracts and retains up to 1,000x its weight in water to make skin look smoother and more supple." Perez also says that BBW falsely claims that the products are "clinically tested to instantly lock in moisture," that its "fast-absorbing formula immediately hydrates," and that "hyaluronic acid is a water loving molecule." She brings three common law claims and three California consumer protection claims and seeks to represent a California class of consumers who purchased the products after July 21, 2017.

Now before the Court is BBW's wide-ranging motion to dismiss under Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(f). ECF No. 57 ("MTD"); *see also* ECF No. 67 ("Reply"). Perez opposes the motion. ECF No. 66 ("Opp."). The Court held a hearing on the motion on June 30, 2022. ECF No. 76. For the following reasons, the Court GRANTS IN PART and DENIES IN

---

[1] The Court separately granted Defendants' motion to compel arbitration as to claims brought by Plaintiff Andrea Brooks and stayed proceedings on her claims. *See* ECF No. 77.

1   PART the motion to dismiss.

2   **I.   BACKGROUND**

3         As alleged in the First Amended Complaint, Defendant Bath & Body Works, LLC markets

4   products including skin creams, lotions, scrubs, shampoos, conditioners, scents, and body wash to

5   consumers who visit BBW's stores or website.  ECF No. 47 ("FAC") ¶ 17.  Among those products

6   is a line called "WATER" / "HYDRATING", which includes several products that use hyaluronic

7   acid:

8         • BBW Hyaluronic Acid Hydrating Body Cream (in varying scents);

9         • BBW Hyaluronic Acid Hydrating Hand Cream (in varying scents);

10        • BBW Hyaluronic Acid Hydrating Body Wash;

11        • BBW Hyaluronic Acid Hydrating Body Gel Lotion; and

12        • BBW Hyaluronic Acid Mineral Body Polish.

13  *Id.* ¶ 20 (the "Products").

14        Perez alleges that BBW makes several false claims on the Products to "trick consumers

15  into believing that the [Products] contain unique moisturizing properties."  FAC ¶ 21.  Perez

16  provides the example of the Hyaluronic Acid Hydrating Body Cream.  *Id.* ¶¶ 22–25.  The back of

17  the tube of that product allegedly contains the following representations:

18        • "attracts and retains up to 1,000x its weight in water" (Claim 1);

19        • "instantly replenish moisture for smooth, hydrated skin" (Claim 2);

20        • "make skin look smoother and more supple" (Claim 3);

21        • "clinically tested to instantly lock in moisture" (Claim 4);

22        • "fast-absorbing formula immediately hydrates" (Claim 5); and

23        • "hyaluronic acid is a water loving molecule" (Claim 6).

24  *Id.* ¶¶ 22, 24, 47, 53 (collectively, the "Claims").  Perez alleges that in-store personnel were

25  instructed to make these claims and that BBW's website contains similar representations.  *Id.*

26  ¶¶ 26–27.  These claims are materially similar across the Products.  *Id.* ¶ 29.

27        Perez alleges that these representations are false.  The hyaluronic acid in the product is, for

28  example, allegedly not capable of absorbing 1,000 times its weight in water.  FAC ¶¶ 31–35, 39–

1  41. Scientific literature shows that hyaluronic acid binds only "a small amount of water," Perez says. *Id.* ¶¶ 36–38. Perez alleges that BBW knows these representations are false, but made them anyway to take advantage of a growing market for beauty and skincare, particularly for hyaluronic acid products. *Id.* ¶¶ 42–45.

In approximately February or March 2019, Plaintiff Carmen Perez visited a BBW store in Milpitas, California and purchased the Hyaluronic Acid Hydrating Body Cream. FAC ¶ 47. Based on the representations made on the product and repeated by a store employee, Perez believed the product was capable of moisturizing and hydrating her skin. *Id.* ¶¶ 47–48. Perez did not observe any improvement on her skin after use. *Id.* ¶ 49.

This lawsuit was field on July 21, 2021, *see* ECF No. 1, and Perez filed the operative First Amended Complaint on January 10, 2022, *see* FAC. The First Amended Complaint asserts claims for violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, FAC ¶¶ 71–81; violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, FAC ¶¶ 82–93; fraud, deceit, and/or misrepresentation, *id.* ¶¶ 94–104; negligent misrepresentation, *id.* ¶¶ 105–112; violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, FAC ¶¶ 113–123; and a quasi-contract claim for restitution, *id.* ¶¶ 124–128. Perez seeks to represent a class of all persons who purchased any of the Products from BBW in California from July 21, 2017 to the present. *Id.* ¶¶ 59–70.

## II. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Perez asks this Court to take judicial notice "of the proceedings" in *Miller v. Peter Thomas Roth, LLC*, No. 19-cv-698-WHA (N.D. Cal.) ("*PTR*"), a case involving claims regarding hyaluronic acid pending before another judge in this district. *See* Opp. at 7–8. Perez asks for judicial notice "of the entirety of the *PTR* proceeding," including orders and evidence submitted in that case. *Id.* BBW opposes the "blanket request." Reply at 2–3.

Judicial notice of the entire *PTR* case is inappropriate and unwarranted. The Ninth Circuit (albeit in an unpublished opinion) has indicated disapproval of nonspecific requests for judicial notice like the one made here. *See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 595 F. App'x 670, 672 (9th Cir. 2014) (noting that a blanket request for judicial notice "of entire case

1    dockets" made it "impossible for the court to glean from [the] request the facts [the party] wanted
2    [the court] to notice").  The Court feels similarly:  without further specificity, the Court cannot tell
3    what information Perez wants this Court to notice, and the Court will not wade through hundreds
4    of docket entries by itself.  Furthermore, the categories of materials Perez seeks to have noticed
5    ("evidence" regarding hyaluronic acid's inability to retain moisture and an order on a motion for
6    summary judgment) are not instructive on this motion to dismiss claims brought against a product
7    not challenged in *PTR*.  The request for judicial notice is accordingly DENIED.

### III.    MOTION TO STRIKE – RULE 12(F)

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are "generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2012) (citations omitted); *see also United States v. Wang*, 404 F. Supp. 2d 1155, 1156 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

BBW argues that references to the statement that the Products "instantly replenish moisture for smooth, hydrated skin" should be stricken from paragraphs 22, 47, 53, and 84 of the First Amended Complaint because that statement does not appear anywhere any hyaluronic acid product marketed or sold by BBW.  MTD at 3–4.  Perez does not oppose the request, saying she inadvertently failed to remove references to that statement.  Opp. at 24.  Because Perez does not oppose the request, and the statement has "no possible relation to the controversy" because it does not appear on any relevant product, *Sliger*, 789 F. Supp. 2d at 1216, the Court will GRANT the motion to strike references to that statement in paragraphs 22, 47, 53, and 84 of the First Amended Complaint WITHOUT LEAVE TO AMEND.  No causes of action may proceed as to Claim 2.

### IV.    FAILURE TO STATE A CLAIM – RULE 12(B)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

4

*Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

  **A. Counts 1–3: CLRA, FAL, UCL**

BBW first challenges Perez's California consumer protection causes of action under the CLRA, FAL, and UCL. *See* MTD at 5–13. BBW breaks down its challenge based on each of the Claims made on the Products. The Court will do the same.

  **i. Claims 1 and 3: "Hyaluronic Acid attracts and retains up to 1,000x its weight in water to make skin look smoother and more supple."**

BBW first argues that Perez has not met her burden to plead actual falsity as to Claim 1—"Hyaluronic Acid attracts and retains up to 1,000x its weight in water." MTD at 6–9. Perez argues that she has met her pleading burden. *See* Opp. at 9–13. As Perez urges, the Court finds it more appropriate to evaluate this argument as to Claims 1 and 3 together because they appear in the same sentence: "Hyaluronic Acid attracts and retains up to 1,000x its weight in water to make skin look smoother and more supple." *See* FAC ¶ 25.

With this framing in mind, the Court finds that Perez has adequately pled these three

5

causes of actions as to Claims 1 and 3.  Perez alleges that Claims 1 and 3 are false under California's consumer protection statutes because hyaluronic acid does not absorb "anywhere near" 1,000 times its weight in water.  *See, e.g.*, FAC ¶ 31.  To state a claim under California's consumer protection statutes based on actual falsity, a plaintiff must "allege specific facts pointing to actual falsehood" of the statements.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096–97 (9th Cir. 2017); *see also Aloudi v. Intramedic Rsch. Grp. LLC*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal of actual falsity claim where plaintiff failed to point to allegations of independent product testing, scientific literature, or anecdotal evidence supporting assertion that product made false representations) (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003)).  Without such allegations, the claim collapses into a "lack of substantiation" claim that private litigants may not bring under California law.  *See Engel v. Novex Biotech LLC*, 2015 WL 846777, at *4 (N.D. Cal. Feb. 25, 2015) (citing Cal. Bus. & Prof. Code § 17508 (reserving right to bring lack of substantiation claims to the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney)).

Perez has satisfied that standard here.  Perez has provided allegations of affirmative evidence that hyaluronic acid does not retain 1,000 times its weight in water.  Perez has alleged that published data in scientific literature establishes that hyaluronic acid "attracts and retains only a fraction of its weight in water from the atmosphere."  FAC ¶ 36.  Perez cites those studies in her complaint.  *Id.*  She also summarizes their results in a table in the complaint.  *Id.* ¶ 38.  Perez has thus provided sufficient allegations about "scientific literature" that allegedly establish the actual falsity of Claims 1 and 3, notwithstanding her failure to test BBW's product specifically.

The factual situation that the Ninth Circuit confronted in *Aloudi* is distinguishable.  In that case, the plaintiff challenged defendant's representations that its product JavaSLIM was "clinically proven" to provide a "significant reduction in actual body mass index (BMI)."  729 F. App'x at 515.  The Ninth Circuit affirmed dismissal of the claim because, among other reasons, plaintiff did not allege that he searched available scientific literature "in a comprehensive manner and found no study that could support Intramedic's claims" about clinical testing.  *Id.* at 516.  While plaintiff offered a report on an ingredient in the JavaSLIM product, plaintiff did not allege "that the

compound in the [report] was the same as the functional component in JavaSLIM [or that the] report had to be the sole basis" for the statement on the product. *Id.* Here, however, the claim on the Products is about hyaluronic acid itself, not about the Products. In other words, BBW makes the claim that *hyaluronic acid* attracts and retains up to 1,000x its weight in water, not that *the Products* can do so. Allegations regarding studies performed on hyaluronic acid (rather than the Products) are thus directly relevant to the claim (unlike the single study presented in *Aloudi*), and BBW's arguments that Perez did not perform tests on BBW's Products are not dispositive.

Perez has thus adequately pled her California consumer protection causes of action as to Claims 1 and 3.

### ii. Claim 4: "Clinically Tested to Instantly Lock in Moisture"

BBW next challenges Claim 4—that the Product are "clinically tested to instantly lock in moisture"—as an impermissible lack of substantiation claim. MTD at 10–11. Perez does not specifically address this argument as to her Claim, although she asserts that none of her claims are lack of substantiation claims. Opp. at 9.

The Court agrees with BBW that Perez's challenge to this Claim is based on lack of substantiation. Under California false advertising law, an advertising claim is false if "it has 'actually been disproved.'" *Engel*, 2015 WL 846777, at *4 (quoting *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012)). In contrast, an advertising claim "that merely lacks support is said to be unsubstantiated." *Id.* The challenge to Claim 4 is a challenge based on lack of substantiation because Perez is asserting that BBW has no support for Claim 4 because of a lack of clinical testing. *See* FAC ¶ 41 ("Had Defendants actually done any 'clinical testing,' they would have known all their representations are totally bogus."). This presents the same situation as in *Engel*, in which the Court dismissed a challenge to the claim that the product at issue was "clinically tested" to provide a 682% increase in serum growth hormone levels. *Engel*, 2015 WL 846777, at *6.

Because any challenge to Claim 2 would be based on a lack of substantiation, it must be brought by the designated authorities under § 17508. Leave to amend would thus be futile. Perez's California consumer protection causes of action are thus DISMISSED WITHOUT

7

1  LEAVE TO AMEND as to Claim 4.

          **iii.  Claims 5–6: "Fast-absorbing formula immediately hydrates" and "Hyaluronic acid is a water loving molecule"**

BBW challenges Claims 5 and 6 as nonactionable puffery. MTD at 9–10. Perez asserts that the claims are not puffery because they are provably false. Opp. at 16–17. The Court agrees with BBW that Claims 5 and 6 are puffery.

"A general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. IKON Office Solns.*, 513 F.3d 1038, 1053 (9th Cir. 2008). Puffery is usually "an expression of opinion, while a misrepresentation is a knowingly false statement of fact." *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 803 (N.D. Cal. 2019). As a subjective opinion cannot be false, "[a]dvertisements that amount to 'mere' puffery are not actionable" under California consumer protection laws. *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1066 (C.D. Cal. 2016). Whether a statement is one of fact or mere puffery is resolved as a matter of law on a motion to dismiss. *Newcal*, 513 F.3d at 1053.

Claims 5 and 6 are both subjective claims about the Products or hyaluronic acid. Claim 5 discusses a subjective feature of the Products—that it has a "fast-absorbing formula" that "immediately hydrates" the skin. Statements that characterize the speed of an action with terms like "fast" are frequently held to be puffery. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (statement that product was "faster, more powerful, and more innovative than competing machines" was non-actionable puffery); *Knowles v. Arris Int'l PLC*, 2019 WL 3934781, at *12 (N.D. Cal. Aug. 20, 2019) (statement that product offered "lightning-fast broadband speed" was non-actionable puffery). Love being a subjective emotion, Claim 6 is similarly non-actionable puffery that characterizes hyaluronic acid as "water-loving." While Perez links this claim to the scientific property of being "hydrophilic" (meaning attracted to water), the allegations throughout her complaint that hyaluronic acid attracts some limited amounts of water are inconsistent with "water-loving" being capable of objective verification or literal falsity. *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d 598, 606 (9th Cir. 2014) (statements capable of "objective verification" are not puffery).

8

1        Because Claims 5 and 6 are puffery as a matter of law, Perez cannot challenge them via

2 California consumer protection statutes. Those causes of action are thus DISMISSED WITHOUT

3 LEAVE TO AMEND as to Claims 5 and 6.

4        Perez's California consumer protection claims may proceed as to Claims 1 and 3, but not

5 as to Claims 4–6.[2]

### B.    Counts 3–4: Fraud and Negligent Misrepresentation

BBW next challenges the third and fourth causes of action for fraud and negligent misrepresentation. MTD at 13–14. Perez opposes the motion. Opp. at 17–20. The elements of a fraud claim under California law are a false representation, knowledge of the falsity, an intent to defraud, justifiable reliance, and damages. *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Negligent misrepresentation requires the same elements except knowledge of the falsity; only a lack of a reasonable ground for belief in the truth of the statement is required. *Apollo Capital Funds LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).

Both claims require a false statement. *See Vess*, 317 F.3d at 1105; *Apollo Capital Funds*, 158 Cal. App. 4th at 243. The Court also already found as a matter of law that Claim 4 is a claim for lack of substantiation and that Claims 5–6 are mere puffery. *See supra* Section IV.A.ii–iii. Those findings preclude Perez from satisfying the falsity element of either a fraud or a negligent misrepresentation claim. Accordingly, her fraud and negligent misrepresentation claims cannot proceed as to Claims 4–6. The Court will evaluate the parties' remaining arguments on these causes of action as to Claims 1 and 3 only.

First, BBW argues that Perez has not adequately alleged that Claims 1 and 3 are false. MTD at 13. The Court has already found in the context of her California consumer protection claims that she has adequately alleged actual falsity. *See supra* Section IV.A.i. That conclusion

---

[2] Because the Court finds that Claims 1 and 3 are adequately pled based on actual falsity and that Claims 4–6 are barred as a matter of law, the Court need not consider whether Perez can also assert her causes of action under the theory that the Claims are misleading rather than actually false. *See* MTD at 11–13; Opp. at 13–16.

9

applies equally here.

Second, BBW argues that Perez has not adequately alleged knowledge of the falsity or intent to defraud. MTD at 13. The Court disagrees. Perez alleges that BBW knew Claims 1 and 3 were false because it formulates and manufactures the Products, which contain the hyaluronic acid that is the subject of Claims 1 and 3. FAC ¶ 84. Perez also alleges that BBW intended to defraud customers by making these claims because it knew that the market for beauty and skin care products, particularly those that advertise anti-aging benefits such as moisturizing or softening, is robust and continues to grow. *Id.* ¶¶ 42–44. BBW wanted to "take advantage of this growing market," which created a "tremendous incentive" to engage in the challenged advertising. *Id.* ¶ 43. These allegations are sufficient to allege knowledge of the falsity and intent to defraud at the pleading stage.[3]

Finally, BBW argues that Perez has offered only conclusory allegations of reliance. MTD at 14. The Court again disagrees. Perez has alleged that she visited the BBW store in February or March 2019 to shop for a moisturizing product. FAC ¶ 47. At the store, she saw the Hyaluronic Acid Hydrating Body Cream and read Claims 1 and 3 on the package of the product. FAC ¶ 47. She also confirmed with a store employee that the product did in fact attract and retain up to 1,000x its weight in water. *Id.* Based on these representations, Perez believed the product had the advertised properties and purchased it. *Id.* ¶ 48. These allegations are sufficient at the pleading stage to allege reliance on the relevant Claims. This Court's decision in *Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *4 (N.D. Cal. May 6, 2015), is distinguishable because the plaintiff there failed to allege reliance on any specific representations; here, Perez has alleged the specific statements she viewed and relied upon—including Claims 1 and 3—prior to her purchase.

Perez's fraud and negligent misrepresentation claims thus may proceed to the extent they

---

[3] The Court agrees with BBW that Perez's CLRA letter is not sufficient alone to establish BBW's knowledge of the falsity of Claims 1 and 3. CLRA letters are intended to "facilitate precomplaint settlements of consumer actions," *Arechiga v. Ford Motor Co.*, 2018 WL 5904415, at *2 (C.D. Cal. Sep. 10, 2018), not to satisfy an element of a plaintiff's claims.

challenge Claims 1 and 3, but not Claims 4–6.

### C. Count 5: Unjust Enrichment

BBW next moves to dismiss Perez's unjust enrichment claim. *See* MTD at 15. BBW argues that unjust enrichment claims under California law can only proceed where a plaintiff alleges that a defendant has received a benefit through mistake, fraud, coercion, or request." *See id.* (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Because the Court has already found that Perez's fraud claim may partially proceed, her unjust enrichment claim can proceed in the same manner. BBW's motion to dismiss the unjust enrichment claim is thus DENIED as to Claims 1 and 3 and GRANTED WITHOUT LEAVE TO AMEND as to Claims 4–6.

### D. Equitable Relief

BBW argues that Perez's claims for equitable monetary relief under the UCL, FAL, and unjust enrichment must be dismissed because she has failed to allege inadequate remedies at law under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). MTD at 15–16. Perez argues that she is entitled to plead remedies in the alternative. *See* Opp. at 20–21.

In a separate case raising this issue, the Court recently concluded that *Sonner* does not "impose strict requirements at the pleading stage" because it "pertained to circumstances in which a plaintiff dropped all damages claims on the eve of trial." *See Carvalho v. HP, Inc.*, 2022 WL 2290595, at *6–7 (N.D. Cal. Jun. 24, 2022) (quoting *Jeong v. Nexo Fin., LLC*, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022)). The cases BBW cites reflect the other side of the "intra-circuit split" on whether claims for equitable monetary relief can proceed past the pleading stage where legal remedies are also sought. *See Byton N. Am. Co. v. Breitfeld*, 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020). The Court holds that Perez may proceed with her equitable restitution claims at this stage. The Court may reconsider this issue at a later stage of the case.

BBW's motion to dismiss the claims for equitable relief due to *Sonner* are thus DENIED.

### V. ARTICLE III STANDING – RULE 12(B)(1)

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S.

11

555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* BBW makes two separate arguments regarding Perez's standing: first, that she lacks standing to pursue claims for products she did not purchase, and second, that she lacks standing to pursue injunctive relief. MTD at 16–21.

### A. Standing to Pursue Claims Regarding Unpurchased Products

BBW first challenges Perez's standing to pursue claims challenging products that she did not purchase. MTD at 16–18. Because Perez only purchased the Hyaluronic Hydrating Body Cream, BBW says that she only has standing to sue based on that product. *Id.* Perez argues that she has standing to challenge all of the Products because she has adequately alleged that they are substantially similar. Opp. at 22–23.

To pursue claims based on non-purchased products, a plaintiff must allege facts sufficient to show that there are substantial similarities between purchased and non-purchased products. *See Wilson v. Frito-Law N. Am.*, 961 F. Supp. 2d 1134, 1141–42 (N.D. Cal. 2013). Courts look to factors such as "whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Leonhart v. Nature's Path Foods*, 2014 WL 6657809, at *3 (N.D. Cal. Nov. 21, 2014).

The Court finds that Perez's allegations are currently insufficient to support the inference that the Products are substantially similar. While Perez does allege that all of the Products bear Claim 1 and contain hyaluronic acid, FAC ¶ 29, this alone is insufficient. The only product specifically discussed in any detail in the complaint is the product that Perez purchased. *See id.* ¶¶ 22–25. Without additional details about the other Products Perez seeks to challenge, she has not satisfied her burden to establish her standing to challenge those other Products. *See Romero*, 2015 WL 2125004, at *4–5; *Leonhart*, 2014 WL 6657809, at *3. For example, it is unclear exactly which Claims appear on each of the individual Products. In an amended complaint, Perez

12

1  may choose to include images of the packaging of the other Products and/or provide additional

2  allegations about the representations and ingredients of the other Products.

3  BBW's motion to dismiss the claims against non-purchased products for lack of standing is

4  thus GRANTED WITH LEAVE TO AMEND.

### B. Standing to Pursue Injunctive Relief

BBW also argues that Perez lacks standing to pursue injunctive relief because she fails to allege an intent or desire to purchase the specific hyaluronic acid products from BBW in the future. MTD at 18–19. Perez contends that she alleges that she has a desire to purchase beauty products and specifically the BBW hyaluronic acid products in the future. Opp. at 21–22.

The Court finds that Perez's allegations are presently insufficient. A plaintiff may establish standing to pursue injunctive relief against false labeling or advertising by alleging that she desires to purchase the product at issue in the future. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018) (injunctive relief standing where plaintiff alleged that she "desire[d] to purchase Kimberly-Clark's flushable wipes" in the future). Here, Perez has only alleges that she "continues to want to purchase products that could help improve the appearance of her skin" and that "[s]he desires to purchase other cosmetic products from [BBW]." FAC ¶ 51. This does not specifically allege a desire to purchase the product she previously purchased (or, indeed, any of the Products) in the future. In an amended complaint, Perez must plead those facts to establish standing to pursue injunctive relief.

BBW's motion to dismiss all claims for injunctive relief for lack of standing is thus GRANTED WITH LEAVE TO AMEND.

### VI. LACK OF PERSONAL JURISDICTION – RULE 12(B)(2)

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). California's long-arm statute is coextensive with federal due process requirements. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the

13

maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden*, 571 U.S. at 283 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id*. "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but the uncontroverted allegations in the complaint must be accepted as true. *Schwarzenegger*, 374 F.3d at 800 (quotation marks and citation omitted). Factual disputes created by conflicting affidavits must be resolved in the plaintiff's favor. *Id.* Personal jurisdiction may be either general or specific. General personal jurisdiction exists in the location of a defendants' incorporation, principal place of business, or where its defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quotation marks and citation omitted). Specific personal jurisdiction exists when the defendant's contacts with the forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 127–28.

The Court finds that Perez has failed to provide sufficient allegations to establish jurisdiction over Bath & Body Works, Inc. ("BBWI"), the parent holding company of Bath & Body Works, LLC which engages in the advertising at issue here. Perez concedes that there is not general jurisdiction over either defendant in California, *see* Opp. at 24, so the only basis for exercising jurisdiction would be specific jurisdiction. But Perez's complaint fails to allege facts supporting specific personal jurisdiction over BBWI. The complaint fails to differentiate between BBWI and Bath & Body Works, LLC, instead lumping them together as "Defendants." *See* FAC at 1. While Perez alleges that Defendants engaged in "a joint venture, partnership and common enterprise," this generic allegation does not suffice to establish specific personal jurisdiction. In an amended complaint, Perez must provide additional allegations regarding BBWI to establish that the Court has specific personal jurisdiction over that entity. The motion to dismiss BBWI for lack of personal jurisdiction is thus GRANTED WITH LEAVE TO AMEND.

14

**VII. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Perez's request for judicial notice is DENIED;
- BBW's motion to strike references to Claim 2 from paragraphs 22, 47, 53, and 84 of the Second Amended Complaint is GRANTED WITHOUT LEAVE TO AMEND, and no causes of action may proceed as to Claim 2;
- BBW's motion to dismiss the CLRA, UCL, and FAL causes of action is DENIED as to Claims 1 and 3 and GRANTED WITHOUT LEAVE TO AMEND as to Claims 4–6;
- BBW's motion to dismiss the fraud and negligent misrepresentation claims is DENIED as to Claims 1 and 3 and GRANTED WITHOUT LEAVE TO AMEND as to Claims 4–6;
- BBW's motion to dismiss the unjust enrichment claim is DENIED as to Claims 1 and 3 and GRANTED WITHOUT LEAVE TO AMEND as to Claims 4–6;
- BBW's motion to dismiss all claims for equitable relief is DENIED;
- BBW's motion to dismiss all claims against non-purchased products for lack of standing is GRANTED WITH LEAVE TO AMEND;
- BBW's motion to dismiss all claims for injunctive relief for lack of standing is GRANTED WITH LEAVE TO AMEND; and
- BBW's motion to dismiss defendant Bath & Body Works, Inc. for lack of personal jurisdiction is GRANTED WITH LEAVE TO AMEND.

Perez SHALL file an amended complaint **within 30 days of this Order**. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Perez's claims with prejudice. Leave to amend is limited to the defects addressed in this Order. Perez may not add new claims or parties absent express leave of Court.

Dated: July 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

15