1

2

3            **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5                  **SAN JOSE DIVISION**

6

7    CARMEN PEREZ, et al.,                    Case No.  21-cv-05606-BLF

8                    Plaintiffs,

9            v.                               **ORDER GRANTING IN PART AND**
                                              **DENYING IN PART MOTION TO**
10   BATH & BODY WORKS, LLC, et al.,          **SEAL**

11                   Defendants.

12

13           Before the Court is Plaintiff's Administrative Motion to Consider Whether Another Party's

14   Material Should Be Sealed.  ECF No. 94 ("Mot.").  Plaintiff seeks to seal certain portions of her

15   Second Amended Complaint.  *See id.*; *see also* ECF No. 95 ("SAC").  Defendant filed a

16   declaration in support of Plaintiff's motion.  ECF No. 97 ("BBW Decl.").  Plaintiff opposes

17   Defendant's proposed redactions.  ECF No. 98 ("Opp.").  The Court has considered the motion

18   and supporting declarations.  For the following reasons, the motion to seal is GRANTED IN

19   PART and DENIED IN PART.

20   **I.    LEGAL STANDARD**

21           "Historically, courts have recognized a 'general right to inspect and copy public records

22   and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of*

23   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

24   U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are

25   "more than tangentially related to the merits of a case" may be sealed only upon a showing of

26   "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

27   1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed

28   upon a lesser showing of "good cause."  *Id.* at 1097.

United States District Court
Northern District of California

United States District Court
Northern District of California

1     In addition, in this district, all parties requesting sealing must comply with Civil Local

2  Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

3  document under seal, including an explanation of: (i) the legitimate private or public interests that

4  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

5  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

6  requires the moving party to provide "evidentiary support from declarations where necessary."

7  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

8  material." Civ. L.R. 79-5(c)(3).

9     Further, when a party seeks to seal a document because it has been designated as

10  confidential by another party, the filing party must file an Administrative Motion to Consider

11  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f).  In that case, the filing

12  party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1).  Instead, the

13  party who designated the material as confidential must, within seven days of the motion's filing,

14  file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-

15  5(f)(3).  Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

16  ## II.    DISCUSSION

17     Because the motion to seal pertains to the complaint, the Court will apply the "compelling

18  reasons" standard.  *See Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *2

19  (N.D. Cal. Aug. 21, 2017) (applying "compelling reasons" standard to complaint).

20     Plaintiff filed an administrative motion to consider whether another party's material should

21  be sealed in connection with her SAC.  *See* Mot.  Plaintiff identified all lines of the SAC that

22  contained information designated as confidential or highly confidential by BBW during discovery.

23  ECF No. 94-1 ¶ 2.  BBW filed a declaration from an AVP of Legal at L Brands Service Company,

24  LLC, a subsidiary of BBW, in support of sealing.  BBW Decl.  BBW proposed redactions that

25  were more limited than those originally proposed by Plaintiff.  *See id.* ¶ 5.  BBW asserted that the

26  identified information "could be used by competitors to obtain an unfair advantage over BBW" as

27  they "contain detailed information regarding BBW's internal processes for market research,

28  product positioning, product research and development, product testing, and claims and safety

testing which BBW considers highly confidential information and/or trade secrets." *Id.*

Plaintiff filed an opposition, arguing that the information should not be sealed. *See* Opp. Plaintiff first argues that BBW's declaration is conclusory and does not satisfy its burden under Local Rule 79-(c)(1). *Id.* at 4. Plaintiff also goes through BBW's proposed redactions and asserts why each does not meet the compelling reasons standard for sealing. *Id.* at 4-6.

The "compelling reasons" standard is met for information about product formulas, product development, and testing protocols when release of the information threatens a company's competitive interests. *See Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding "compelling reasons" to protect information related to "formulas, product development, and testing protocols"); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:19-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)). But to justify sealing, "[c]onclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021).

The Court rules as follows on BBW's proposed redactions:

| ECF No. | Document | Portions to Seal | Ruling |
|---------|----------|------------------|--------|
| 95 | Plaintiff's SAC | Page 12, lines 20-28<br>Page 13, line 1 | DENIED, as containing information about the role of the Director of Regulatory Affairs in planning, drafting, and approving label claims, and not including information that could be used by competitors to gain a competitive advantage. |
| 95 | Plaintiff's SAC | Page 14, lines 8-9 | DENIED, as containing information about competitors' products, and not including information about BBW's internal processes for market research, product positioning, product research and development, product testing, or claims and safety testing that could be used by competitors to gain a |

United States District Court
Northern District of California

| | | | competitive advantage. |
|---|---|---|---|
| 95 | Plaintiff's SAC | Page 20, lines 3-13, 15-20 | GRANTED, as containing information about training that relates to BBW's internal processes for product positioning and could potentially be used by competitors to gain a competitive advantage. |
| 95 | Plaintiff's SAC | Page 25, lines 4-20 | GRANTED, as containing information about BBW's internal processes for product research and development and product testing that could potentially be used by competitors to gain a competitive advantage. |
| 95 | Plaintiff's SAC | Page 25, lines 22-26 | DENIED, as containing information about competitors' products, and not including information about BBW's internal processes for market research, product positioning, product research and development, product testing, or claims and safety testing that could be used by competitors to gain a competitive advantage. |
| 95 | Plaintiff's SAC | Page 26, lines 1-14 | GRANTED, as containing information about BBW's internal processes for product research and development and product testing that could potentially be used by competitors to gain a competitive advantage. |

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the sealing motion is

GRANTED IN PART and DENIED IN PART.


Dated:  November 9, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4